UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OSCAR L. MIMS, SR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07CV01445 AGF |
| | ) | |
| PAT SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the case, the undersigned concludes that the Petition shall be denied.

**Background**

In January 2005, Petitioner was found guilty by a jury for trafficking in the second degree, a class A felony. (Resp. Ex. G at 38.) The charges stemmed from an incident that occurred on March 6, 2003. Id. Around midnight, a University City police officer saw two motorists congregating at an Amoco gas station parking lot, one being Petitioner. (Resp. Ex. B1 at 114-15.) Both cars were on the opposite side of where the gas pumps were located. Id. The officer saw neither a license plate nor temporary tags on Petitioner's car so he decided to investigate further. Id. As Petitioner drove off of the lot, the officer turned on his police lights and Petitioner responded by pulling his car into a parking lot next to Imo's Pizza, where he worked. Id. at 118-19.

As the officer approached Petitioner's car, he saw what he thought were fake temporary tags. Id. at 156. According to his testimony, the only way the officer could confirm their validity was to continue his investigation of the tags. Id. at 131-32, 184. As the officer was investigating, Petitioner started to exit his car. Id. at 119, 134-35. The officer ordered Petitioner to stay in his car and asked for identification. Id. at 119, 158-159. While the officer was running a records check in his police car, Petitioner exited his car and walked toward the Imo's entry with a pizza-delivery bag. Id. at 120-21, 132-33. Upon the officer's order to get back in the car, Petitioner set his pizza-delivery bag next to the door of Imo's and returned to his car. Id. at 122, 136.

The police officer retrieved the delivery bag and found cellophane bags containing 23.91 grams of cocaine-based crack in it. Id. at 122-123, 126, 192. He did not learn that the temporary tags were valid until after discovering the cocaine. Id. at 157, 186. Petitioner was arrested and Mirandized and told the officer that he saw someone put the cocaine in the bushes and he retrieved it because he needed money to pay his bills. Id. at 140.

Prior to trial, defense counsel filed a motion to suppress the statements Petitioner had made to the officers. This motion was denied. During trial, defense counsel made an oral motion to suppress the cocaine. The Court reserved ruling on the motion and after hearing the officer's testimony denied the motion. Id. at 184-87.

Petitioner was sentenced as a prior drug offender to 15 years' imprisonment in the Missouri Department of Corrections. (Resp. Ex. G at 38.) Petitioner filed a direct appeal

and the Missouri Court of Appeals affirmed his conviction and sentence. (Resp. Ex. E.) Petitioner filed a motion under Missouri Supreme Court Rule 29.15 with the St. Louis County Circuit Court which his counsel later amended, and filed a superseding 29.15 motion. (Resp. Ex. G at 4-19, 23-35.) This motion was denied. Id. at 37-41. Petitioner appealed, Resp. Ex. H, and the Missouri Court of Appeals affirmed the Circuit Court's judgment denying postconviction relief. (Resp. Ex. K.)

## Grounds for Relief

Petitioner's § 2254 petition asserts the following grounds for relief:

**Claim One:** The trial court abused its discretion in overruling Petitioner's motion to suppress all statements and evidence that stemmed from the search and seizure because the officer did not have reasonable suspicion to continue Petitioner's detention; thus, the search was a violation of the Fourth Amendment.

**Claim Two:** The trial court erred in overruling Petitioner's motion to suppress all statements and evidence obtained following the search of the pizza bag because there was no lawful basis for the warrantless search of the pizza bag.

**Claim Three:** The motion court erred in denying Petitioner's claim that trial counsel was ineffective for failing to file a pretrial motion or request a hearing to suppress evidence and statements that were the product of an alleged illegal search and seizure.

## Merits Discussion

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

4

**Claim One**

Petitioner contends that the officer did not have reasonable suspicion to continue detaining him after the officer observed the temporary tag on Petitioner's car. (Pet. at 17.) He alleges that the trial court abused its discretion in overruling Petitioner's motion to suppress all statements and evidence that stemmed from the search and seizure, in violation of Petitioner's Fourth Amended rights. Id.

In habeas cases, the Supreme Court has held that, "[w]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976).

Here, Petitioner, through counsel, availed himself of the opportunity to litigate his Fourth Amendment claims by filing a written motion to suppress statements made by Petitioner to the police, and an oral motion to suppress the cocaine. As a result, Claim One is not cognizable and Petitioner is not entitled to habeas relief.

**Claim Two**

Petitioner alleges that the trial court erred in overruling Petitioner's motion to suppress all statements and evidence obtained following the search of his pizza bag and in admitting the evidence seized, because the cocaine found in the bag was obtained as the result of an unlawful search and seizure.

As discussed above, "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. 428 U.S. at 494. As Petitioner in fact availed himself of the opportunity to litigate this claim, Claim Two is not cognizable and Petitioner is not entitled to habeas relief.

**Claim Three**

Petitioner alleges that the motion court erred in denying Petitioner's claim that trial counsel was ineffective for failing to file a pretrial motion or request a pretrial hearing to suppress evidence and statements that were the product of an alleged illegal search and seizure. (Pet. at 18.)

To prevail on an ineffective assistance of counsel claim, petitioner must first establish that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 694, 700 (1984). Judicial scrutiny of counsel's performance is "highly deferential," and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

In Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987), the United States Court of Appeals for the Eighth Circuit stated that "the courts must resist the temptation to second-guess a lawyer's trial strategy; the lawyer makes choices based on the law as it appears at the time, the facts as disclosed . . . and his best judgment as to the attitudes

and sympathies of the judge and jury." Furthermore, "[t]he fact that the choice made later proves to have been unsound does not require a finding of ineffectiveness." Id. [I]t is not enough to complain after the fact . . . when in fact the strategy at trial may have been reasonable in the face of an unfavorable case." Id. (citing Strickland, 466 U.S. at 690); see also Shaw. v. United States, 24 F.3d 1040, 1042 (8th Cir. 1994) (holding that trial counsel's reasonable trial strategies cannot constitute ineffective assistance, even if they are unsuccessful); Henderson v. Norris, 118 F.3d 1283, 1287-88 (8th Cir. 1997) (stating that matters of trial strategy are presumed correct).

Even if a Petitioner shows that counsel's performance was objectively unreasonable, he must also show that the deficient performance prejudiced his defense. Winfield v. Roper, 460 F.3d 1026, 1033 (8th Cir.), cert. denied, 550 U.S. 939 (2006). "This requires proving that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been more favorable to [petitioner]." Id. "A reasonable probability is one 'sufficient to undermine confidence in the outcome.'" Id. (citing Wiggins v. Smith, 539 U.S. 510, 534 (2003)). "Merely showing a conceivable effect is not enough. [Petitioner] must demonstrate that there is a reasonable probability that absent counsel's inadequate representation, the jury would not have [convicted him]." Id.

The Missouri Court of Appeals held that the motion court did not err in denying Petitioner's Rule 29.15 motion without an evidentiary hearing. (Resp. Ex. K at 5.) The appellate court pointed out that Petitioner's counsel did, in fact, file a written pretrial

7

motion to suppress the statements in question, and made an oral motion at trial asking the trial court to suppress the evidence of the crack cocaine. Id.

The Court agrees with the reasoning of the Missouri Court of Appeals that Petitioner failed to show that counsel's strategy was deficient in a manner that prejudiced his defense. See Strickland, 466 U.S. at 687, 694, 700. Additionally, this claim lacks merit, as it is refuted by the record. (Resp. Ex. I at A-6.) Although trial counsel did not file a pretrial motion to suppress the evidence, counsel did make an oral motion, which was accepted by the trial court. After hearing the pertinent testimony, the trial court denied the motion to suppress. Thus, Petitioner has failed to overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. As a result, Petitioner's Claim Three fails on the merits and is not entitled to habeas relief.

**Conclusion**

The state courts' rulings on Petitioner's grounds for relief were not contrary to or an unreasonable application of federal law as established by the Supreme Court. As a result, Petitioner is not entitled to federal habeas relief for Claims One, Two, and Three. Additionally, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Furthermore, the Court does not believe that reasonable jurists might find the Court's assessment of the issues in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2253(c)(2). See Miller-El v.

8

Cockrell, 537 U.S. 322, 327 (2003) (setting forth the standard for issuing a certificate of appealability); Langley v. Norris, 465 F.3d 861, 862-63 (8th Cir. 2006) (same).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied without further proceedings.

**IT IS FURTHER ORDERED** that no certificate of appealability issue. 28 U.S.C. § 2253.

A separate judgment shall accompany this Memorandum & Order.

Dated this 21st day of June, 2010.

                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE